IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACUITY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) No. 09 C 1713 |
| | ) |
| INTEGRATED SIGN AND GRAPHIC, | ) Wayne R. Andersen |
| INC., INTERNATIONAL PROFIT | ) District Judge |
| ASSOCIATES, INC., INTEGRATED | ) |
| BUSINESS ANALYSIS, INC., | ) |
| INTERNATIONAL TAX ADVISORS, | ) |
| INC., ACCOUNTANCY ASSOCIATES | ) |
| LLC, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM, OPINION AND ORDER**

Plaintiff Acuity Mutual Insurance Co. (hereinafter referred to as "Acuity") brought this declaratory judgment action against International Profits Associates, Inc., International Tax Advisors, Inc., Accountancy Associates, LLC (collectively "IPA Companies"), and Integrated Business Analysis, Inc. ("Integrated") in the Circuit Court of Cook County, Illinois seeking a declaration of the rights and obligations of the parties under the terms of a policy of liability insurance issued by Acuity to Integrated. Acuity seeks a declaration that it owes no duty to defend or indemnify Integrated in a defamation lawsuit currently pending in the United States District Court for the Northern District of Illinois by the IPA Companies. Defendant Integrated removed Acuity's declaratory judgment action to this Court.

Currently before the Court is Plaintiff Acuity and Defendant IPA Companies' motions to remand this case to the Circuit Court of Cook County. For the following reasons, the motions to remand are granted, and this case is remanded to the Circuit Court of Cook County.

## BACKGROUND

On February 13, 2009, Plaintiff, Acuity (the "insurer"), filed this action seeking a declaration of no coverage for its putative insured, Integrated, in the Circuit Court of Cook County. Acuity's complaint arose from an underlying defamation lawsuit brought by the IPA Companies, currently pending in the United States District Court for the Northern District of Illinois. In the defamation case, the IPA Companies sought compensation for injuries which they allegedly suffered in Cook County, relative to defamatory material that was allegedly published by Integrated (Acuity's insured) in Cook County.

Acuity claims that certain exclusions in its policy are applicable as to the underlying defamation lawsuit. According to Acuity, determining the applicability of the exclusions would require an analysis of Illinois defamation law, i.e. whether the Illinois state law claims which were alleged triggered the applicability of any of the policy's exclusions. Accordingly, Acuity filed its declaratory judgment action in the Circuit Court of Cook County.

On March 19, 2009, Defendant Integrated filed a Notice of Removal of the action to this Court. The Notice of Removal is predicated upon 28 U.S.C. § 1441(b), as Integrated alleges that the IPA Companies, which are all Illinois corporations, were fraudulently joined as defendants. Integrated claims that Acuity, a Wisconsin company, and Integrated, a Kentucky company, are the only proper parties to any Declaratory Judgment action involving the insurance policy. As such, Integrated claims that, but for the joinder of the IPA Companies as defendants, this case would be properly removed and subject to the diversity jurisdiction of this Court under 28 U.S.C. § 1332 since the liability asserted against Integrated in the defamation action exceeds $75,000.

Plaintiff Acuity and Defendants IPA Companies filed separate motions to remand to state court. In their motions to remand, Acuity and the IPA Companies argue that under 28 U.S.C. §

1441(b), the declaratory judgment action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." According to Acuity and the IPA Companies, the Illinois defendants – the IPA Companies—are properly named defendants and thus this action is not removable.

### **DISCUSSION**

Under 28 U.S.C. § 1441(b), any civil action in which the federal district courts do not have federal question jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, it is clear that no federal question jurisdiction is involved. Thus, this case is removable only if none of the parties properly joined as defendants is a citizen of Illinois, the state in which the action was brought.

In this case, it is undisputed that the IPA Company defendants are citizens of the State of Illinois. Integrated argues that this case is removable because the IPA Companies were fraudulently joined and are not necessary parties. We disagree.

Integrated bears "a heavy burden to establish fraudulent joinder." *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Fraudulent joinder will only exist in this case if, when all issues of fact and law are resolved in Acuity's favor, Acuity has no possible cause of action against the IPA Companies. *See Wolf v. Kennelly*, 540 F. Supp. 2d 955, 962 (N.D. Ill. 2008).

Under Illinois law, and at least arguably under Kentucky law (the law Integrated claims should apply), tort claimants are necessary parties to a declaratory judgment action regarding an insurance policy they may later claim to satisfy any judgment. *See, e.g.*, *Flashner Med. P'ship v. Mktg. Mgmt., Inc.*, 545 N.E.2d 177, 183 (Ill. App. Ct. 1989) (holding that "tort claimants are

necessary parties who must be named in the suit," as "tort claimants…plainly have interests in the outcome of the litigation because a declaration of non-coverage would eliminate a source of funds."); *see also Zurich Insurance Co. v. Baxter International, Inc.*, 670 N.E.2d 664 (Ill. 1996) (finding that "this interest is best protected by having the claimants participate directly in the litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently"); Kentucky Revised Statutes (KRS), Section 418.075 (" . . .all persons shall be made parties [in a declaratory judgment action] who have or claim any interest which would be affected by the declaration . . .").

In this case, Integrated claims coverage under an Acuity insurance policy for any liability arising from the alleged defamatory conduct. Acuity denies that its policy affords Integrated with such liability coverage and filed a declaratory judgment action. The IPA Companies (the Illinois defendants in our case) are interested in the outcome of Acuity's declaratory judgment action because a potential source of funds with which to satisfy any judgment in their favor is at stake. We find that they are properly named defendants.

Under 28 U.S.C. 1441(b), this action is removable only if none of the defendant parties in interest is a citizen of Illinois. Because the defendant IPA Companies are parties in interest who have been properly joined in this action and, because they are citizens of Illinois, the removal of this case is improper. Therefore, we remand this action back to state court.

## **CONCLUSION**

For the foregoing reasons, we grant the motions to remand filed by Plaintiff Acuity [# 4] and Defendant IPA Companies [# 9] and remand this case to the Circuit Court of Cook County. Each party shall bear its own costs. This is a final order and all other pending motions are

deemed moot by this order.

    It is so ordered.

                                                                                          _____
                                                                                           Wayne R. Andersen
                                                                           United States District Court

Dated: July 21, 2009